IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| SKYLINE MANOR, INC., a Nebraska | ) | CASE NO. BK14-80934 |
| nonprofit corporation, | ) | A17-8008 |
| | ) | |
| Debtor(s). | ) | |
| RON ROSS, Chapter 11 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT L. RYNARD, JR., | ) | |
| | ) | |
| Defendant. | ) | |

FINDINGS AND RECOMMENDATIONS
TO THE UNITED STATES DISTRICT COURT

      Hearing was held on April 11, 2017, on the defendant's motion to withdraw the reference of this adversary proceeding (Fil. No. 3). T. Randall Wright and Brandon R. Tomjack appeared for the plaintiff, and Kathryn J. Derr appeared for the defendant. The parties stipulated on the record that the claims against the defendant should be litigated in the United States District Court. The following findings are made in accordance with the recommendation that the motion to withdraw the reference be granted.

      The debtor in this case is a nonprofit corporation operating a "continuing care community" with facilities for independent living, assisted living, and skilled care. It filed a Chapter 11 bankruptcy petition on May 8, 2014, and operated as a debtor in possession. However, the bankruptcy court subsequently found cause, including gross mismanagement of the debtor and conflicts of interest between the debtor's operating officers and certain vendors, to appoint Ron Ross as trustee of the debtor's bankruptcy estate. The trustee thereafter filed adversary proceedings against certain current and former officers and directors of the debtor, certain entities related to those officers and directors, the debtor's former general counsel, and certain entities related to the debtor. This lawsuit seeks to avoid allegedly fraudulent transfers to RL Construction, Inc., and recover the proceeds for the benefit of the bankruptcy estate from Robert L. Rynard, Jr., who allegedly dissolved the construction company but continued to use and permit others to use the company's bank account.

      The defendant filed this motion to withdraw the reference of this adversary proceeding under 28 U.S.C. § 157(d) for cause because the trustee's claims involve "non-core" matters which require adjudication of state-law claims. These causes of action are not created by any provision of the Bankruptcy Code and they would exist outside of the bankruptcy case. The issue is whether the

bankruptcy court has authority to decide this adversary proceeding under *Stern v. Marshall*, 564 U.S. 462 (2011).

The United States District Court for the District of Minnesota has addressed the issue of withdrawal of the reference for *Stern* questions, and its explanation is applicable here:

> Under the bankruptcy statutes:
> [T]he district courts of the United States have "original and exclusive jurisdiction of all cases under title 11." Congress has divided bankruptcy proceedings into three categories: those that "aris[e] under title 11"; those that "aris[e] in" a Title 11 case; and those that are "related to a case under title 11." District courts may refer any or all such proceedings to the bankruptcy judges of their district . . . . District courts also may withdraw a case or proceeding referred to the bankruptcy court "for cause shown."
>
> *Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011) (quoting 28 U.S.C. §§ 1334(a), 157(a), (d)). . . .
>     . . .
>     Defendants' motion to withdraw the reference to the bankruptcy court in this case is based on 28 U.S.C. § 157(d), which states:
>
>> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.
>
> 28 U.S.C. § 157(d) (emphasis added). The statute does not define "cause," but generally, district courts have "broad discretion in determining whether to withdraw a matter from the bankruptcy court." *Enviro–Scope Corp. v. Westinghouse Elec. Corp.*, 57 B.R. 1005, 1008 (E.D. Pa. 1985). In deciding whether to withdraw a reference, the Court considers factors such as whether the claim is core, the efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and the presence of a jury demand. *See In re H & W Motor Express Co.*, 343 B.R. 208, 214 (N.D. Iowa 2006) (Reade, J.).

*Kelley v. Opportunity Fin., LLC*, Civil Case No. 14-3375 MJD, 2015 WL 321536, at *1–2 (D. Minn. Jan. 26, 2015).

      The claims against the defendant here involve allegations that he is the alter ego of a non-debtor party, which is a non-bankruptcy state-law matter upon which the bankruptcy court would be unable to enter a final judgment. In addition, the defendant has demanded a jury trial. The United States Supreme Court has made it clear that a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989). Federal Rule of Bankruptcy Procedure 9015(a) makes Federal Rule of Civil Procedure 38 applicable in bankruptcy cases and proceedings. Federal Rule of Civil Procedure 38(a) preserves the right to a trial by jury as declared by the Seventh Amendment to the United States Constitution. Under federal law, bankruptcy courts can conduct jury trials only "with the express consent of all the parties." 28 U.S.C. § 157(e). Here, the parties have not consented, nor, in this district, is the bankruptcy court equipped to conduct jury trials.

      Accordingly, I respectfully recommend to the United States District Court for the District of Nebraska that the motion to withdraw the reference of this adversary proceeding (Fil. No. 3) be granted.

      DATED: April 14, 2017.

      Respectfully submitted,

      /s/ Thomas L. Saladino
      Chief Judge

Notice given by the Court to:
    *Kathryn J. Derr
    T. Randall Wright
    Brandon R. Tomjack
    Nicholas A. Buda
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.